Mr. Justice Ttjiineb.
delivered the opinion of the court.
The plaintiff’ assigns as error, that the defendants, who were plaintiffs below, after service of process served upon and plea filed by the makers of the note sued on, discontinued as to the, makers, Haine and Valentine, and took judgment against the defendant below, Turney, who was charged in the declaration as endorser.
It appears by the record, that Sellers and Haine-were the makers, and Valentine & Co. and Wilkinson, securities, and Turney & Ashley, endorsers, and Tiffany, Duvall & Co. endorsees of a promissory note, and the defendants below were sued in a joint action in pursuance of the statute; .the first writ was served on Valen *412 tine, Valentine, Wilkinson, Turney and Ashley, and not executed as to Sellers and Haine. That Sellers, Haine, Valentine, Valentine, Wilkinson, Turney and Ashley appeared by attorney. That the plea of non-assumpsit was filed by Valentine-, Valentine and Ashley, and an alias capias issued against Sellers and Haine, which was returned executed as to Haine; and as to Sellers, not found. That at a subsequent term of the circuit court, the plaintiff discontinued his action as to Sellers, Haine, Valentine, Valentine & Ashley, and took judgment by default against Wilkinson & Tur-ney, which was made final by the court. And the question now made, is, whether, in an action like this a plaintiff can legally discontinue his suit against the makers, and take judgment against the sureties and endorsers.
The act of assembly authorizing this joint action against makers and endorsers, was intended to avoid multiplicity of suits, and to subject the property of the principals before resort should be had to the sureties or endorsers. The very obvious intent of the statute would be defeated, if, after action brought, and process served on a principal as well as his surety and endorsers, the holders could discontinue as to the makers, and take judgment against the sureties and endorsers.
There is a special provision in the act in question, which is as follows, to wit: “Any plaintiff shall have the right to discontinue his suit against any one or more of the endorsers or sureties, that he may sue in any joint action, before verdict, on payment of the costs that may have accrued, by joining said defendant in such suit.” Hut. & How. Stat. Law, p. 596, sec. 22. It will be perceived that this section of the statute extends to sureties and endorsers only, and cannot be construed to embrace principals.
This case is not like the case in 2 Howard’s Reports, 870. That case was against the makers only, who were jointly and severally bound, and does not conflict with the principles laid down in that case.
The judgment of the court below must be reversed.